IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 17-3107-01-CR-S-MDH |
| vs. ) | |
| ) | |
| ) | |
| EDDIE W. SMITH, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S SENTENCING MEMORANDUM**

COMES NOW, Defendant Eddie Smith, by his undersigned counsel Shane P. Cantin, and respectfully sets forth the following to assist the Court in fashioning that is sufficient but not greater than necessary to achieve a just and fair result.

**SUGGESTIONS**

During plea discussions with the government, counsel for Mr. Smith and counsel for the government incorrectly calculated the offense level applicable to this case by assuming a base offense level of 6. This incorrect offense level was included in Mr. Smith's written plea agreement. Based upon those incorrect assumptions, with a criminal history score of III, counsel, Mr. Smith, and counsel for the government agreed that the guideline recommended sentence would be 2-8 months.

Mr. Smith is almost 59 years of age. He has been incarcerated in the Federal Bureau of Prisons since 2005. Prior to his transport back to Springfield to face this indictment, Mr. Smith had an anticipated release date of June 12, 2018. As reflected in the presentence report, Mr. Smith has a long list of serious medical conditions which

1

require near constant attention, and which will likely require increasingly frequent medical care and medication. At the time of this offense, Mr. Smith was prescribed a very large daily amount of morphine, both long acting and short acting, for his pain relief. Mr. Smith believed that while he did need morphine for pain, the amount of morphine he was receiving at that time was too great. Mr. Smith believed that if he were to complain about the amount of morphine prescribed, or if he were to refuse to take the entire quantity prescribed, his pain medication would be discontinued. It is counsel's experience from 20+ years of working with clients in the federal system, that in the Bureau of Prisons an inmate has no voice in how much or how little medication is prescribed, and virtually any questioning of that prescription results in it being discontinued. Once a medication is discontinued, it takes weeks or longer for an inmate to go through the administrative request process of trying to get the medication started again.

As set forth in his objections to the presentence report, Mr. Smith's main purpose for keeping a quantity of morphine was so that he could self-regulate his pain medication in the event that it was discontinued or changed in a way that he felt was not adequate to meet his needs. While Mr. Smith does admit through his guilty plea that he did intend to distribute quantities of morphine, those quantities were relatively small and that intent was secondary to self-managing his pain relief. Distribution of contraband items between inmates is often for items like stamps or food items, all of which operates as a form of currency between inmates. Without negating the illegal aspect of Mr. Smith's conduct, these distinctions should be of some importance to the Court in fashioning an appropriate sentence.

2

As a result of his conduct at the USMCFP, Mr. Smith was removed from Springfield, and relocated to the USP at Terre Haute, Indiana. After this indictment, he has been housed locally at Greene County Jail, and for several months at the St. Clair County Jail. At both facilities, Mr. Smith believes that he has received far from adequate medical care. It is counsel's understanding that Mr. Smith has been removed from all narcotic pain medication, and that as a result he has been in near constant pain.

Mr. Smith has no surviving family. He has no meaningful job skills, but even if he did, his medical conditions and physical limitations will keep him from maintaining any employment. Mr. Smith has no other sources of income, he has no place to live, and has no one to call or rely upon for assistance. As a result, when Mr. Smith is eventually released to supervision, he will need significant assistance to locate and secure appropriate community resources through which to establish his life outside of prison to include housing, medical care, financial assistance, etc.

Under the circumstances of this offense, and given Mr. Smith's age and characteristics, the most appropriate sentence in this case would be to fashion a sentence that varies from the recommended guideline range suggested by the presentence report, consistent with the sentencing range anticipated by the parties, concurrent with his remaining undischarged sentence, and that would allow Mr. Smith to be released to community confinement for a sufficient period of time to allow him to establish a way to live outside of prison. Counsel for the government agrees that a sentence within the range of 2-8 months concurrent with his existing sentence, as originally anticipated by the written plea agreement, is appropriate. Mr. Smith respectfully requests that the Court fashion a sentence that will allow for his release from incarceration, but which will allow

3

him sufficient time in a community confinement setting to satisfy both the need for punishment, and the need to find sufficient resources for him to be able to survive outside of prison.

WHEREFORE, counsel respectfully requests that the Court grant the relief requested herein and for such other orders as the Court deems appropriate.

Respectfully submitted,

By: /s/ Shane P. Cantin

Shane P. Cantin (Mo. Bar # 41699)
Carver, Cantin and Mynarich, LLC
901 E. St. Louis, Suite 1600
Springfield, MO 65806
Phone: 417-831-6363
shane@carvercantin.com

CERTIFICATE OF SERVICE

Counsel hereby certifies that the foregoing document was filed electronically through the Court ECF system on the 19th day of June, 2018, with notice given to all authorized parties of record.

/s/ Shane P. Cantin